**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CARMEN CONSOLINO, et al. | ) | |
| | ) | Case No. 17-cv-09011 |
| Plaintiffs, | ) | |
| | ) | Hon. Robert M. Dow, Jr. |
| v. | ) | |
| | ) | Magistrate Hon. Sidney I. Schenkier |
| THOMAS J. DART, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**COOK COUNTY SHERIFF THOMAS J. DART'S MOTION TO**
**BIFURCATE PLAINTIFFS' *MONELL* CLAIM**

Defendant COOK COUNTY SHERIFF THOMAS J. DART (hereinafter "Cook County Sheriff's Office," "CCSO" or the "Sheriff's Office"), in his official capacity, by and through their attorneys, Justin L. Leinenweber, Leinenweber Baroni & Daffada, LLC, and Ethan White, Emery Law, Ltd., as Special State's Attorneys, respectfully move this Court to bifurcate Plaintiffs' § 1983 *Monell* claim against the Sheriff's Office for purposes of discovery and trial, and, in support thereof, states as follows:

**BACKGROUND**

Plaintiffs worked as Correctional Commanders within the CCSO, until they were laid off on December 4, 2017, as part of budget cuts caused by the repeal of the Soda Tax. (TAC ¶¶1, 5.) Consolino, Thomas, and Chubb previously served as Correctional Captains and Belk, Garcia, and Germany previously served as Lieutenants until their positions changed to Commander. (*Id.* ¶¶24-29.) Plaintiffs allege they were unlawfully targeted for layoffs because they spoke out about workplace issues (*id.* ¶¶12, 44-46); and participated in a union drive. (*Id.* ¶¶50-53, 56.)

Three claims remain at issue in this case: Count I for First Amendment protected speech; Count II for First Amendment association deprivation; and Count V *Monell* liability under the

First Amendment against Sheriff Dart in his official capacity as final policymaker. Pursuant to Federal Rule of Civil Procedure 42(b), the Sheriff's Office moves this Court to bifurcate the *Monell* claims against his office from the claims against the individual defendants, Thomas J. Dart, Zelda Whitler, Bradley Curry, Nneka Jones Tapia, and Matthew Burke. First, bifurcation best serves the interests of this litigation and judicial efficiency and economy. Second, bifurcating these claims will ensure there is not unfair prejudice against the parties. Finally, bifurcation will not deprive Plaintiffs of recovering any compensatory damages they may be awarded, or impact their right to a trial. Pursuant to Rule 42(b)'s common-sense and prudent provisions, the CCSO moves this Court to stay discovery and postpone trial on Plaintiffs' *Monell* claims until resolution of the claims against the individual defendants on the alleged underlying constitutional violations.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b). The movant for bifurcation need only show that separating the trial would *either* promote judicial economy *or* prevent prejudice. *Chlopek v. Federal Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007). If one of those criteria is met, "the district court may order bifurcation as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment." *Id.* (*citing Krocka v. City of Chi.*, 203 F.3d 507, 516 (7th Cir. 2000) and *Houseman v. U.S. Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir. 1999)). Though the non-moving party's right to a trial must not be impaired by bifurcation, or result in unfair prejudice, the Court has, "considerable discretion to order bifurcations of trial." *Krocka*, 203 F.3d at 516.

## <u>ARGUMENT</u>

The Sheriff's Office's motion to bifurcate and stay Plaintiffs' *Monell* claims supports Rule 42(b)'s goals of convenience, economy, and timeliness, while avoiding undue prejudice to all of the parties, and represents a proper and sound exercise of the Court's inherent powers to manage its docket. *Krocka*, 203 F.3d at 516. Granting the Sheriff's Office's motion will prevent undue prejudice and allow for streamlined discovery, which will benefit all parties and the Court's docket. As this Court noted in its Memorandum Opinion and Order, bifurcation may be, "prudent case management." (Dkct. No. 77 at 17.). Especially in a case like this where only First Amendment retaliation and a *Monell* claim remain.

When granting motions for bifurcation, the Courts in this District have often noted that "claims of municipal liability require an extensive amount of work on the part of plaintiffs' attorneys and experts, and an extraordinary amount of money must be spent in order to prepare and prove them." *Williams v. City of Chi.*, 315 F.Supp.3d 1060, 1080 (N.D. Ill. Jun. 1, 2018) (*quoting Moore v. City of Chi.*, 2007 WL 3037121, at *9 (N.D. Ill. 2007)). Significantly, in this case, resolution of Plaintiffs' individual claims first may result in a complete resolution of the *Monell* litigation: "because there can be no *Monell* liability unless the plaintiff suffered a constitutional violation, disposition of the individual claims may either legally or practically end the litigation altogether." *Ackerman v. Allen*, No. 16 C 6199, at *9 (N.D. Ill. Apr. 27, 2017) (*citing Merritt v. Baker*, 668 F. App'x 164, 166 (7th Cir. 2016) ("[A] claim under *Monell* . . . cannot be supported if . . . no constitutional violation occurred in the first place.")).

In this case, because Plaintiffs must first prevail on their claims against the individual defendants before they can succeed on their *Monell* claim against the CCSO, bifurcation will result in significant efficiencies. Both parties and the Court will save the resources needed to

prosecute, defend, and oversee the *Monell* claim. Bifurcation will not prejudice any of the parties, but represents prudent case management, by serving Rule 42(b)'s provisions of convenience, expedience, and economy.

**I.     This Lawsuit And Judicial Economy Will Be Best Served By Bifurcation.**

**A.     *Monell* Liability Is Only Possible If Plaintiffs Established The Individual Defendants Committed A Constitutional Violation.**

The Cook County Sheriff's Office cannot be held liable under *Monell* unless Plaintiffs establish that they suffered a constitutional violation. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Matthews v. City of East St. Louis*, 675 F.3d 703, 709 (7th Cir. 2012). "[A] claim under Monell . . . cannot be supported . . . if no constitutional violation occurred in the first place." *Meritt v. Baker*, 668 F. App'x 164, 166 (7th Cir. 2016). Here, if Plaintiffs fail to prove their underlying First Amendment retaliation claims (Counts I and II) against the individual defendants, they would necessarily be barred from bringing their *Monell* claim (Count V) against the CCSO. *Heller*, 475 U.S. at 799.

There is a limited exception to this general proposition where a municipality can be held liable even if there is no individual liability so long as such a finding would not create an inconsistent verdict, such as when an officer has qualified immunity on a claim. See *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 305 (7th Cir. 2009). However, those circumstances do not apply in this case. In *Thomas*, the mother of a pretrial detainee alleged deliberate indifference to her decedent son's medical needs against the medical technicians employed by Cermak Health Services of Cook County and their employer, Cook County. The jury ruled in favor of the medical providers on the deliberate indifference claim, but against Cook County on the *Monell* claim based on its failure to establish a system which ensured proper review of a detainee's medical request. The Court held that the verdicts were not inconsistent because the

jury could have found the medical providers "were not deliberately indifferent to the [detainee's] medical needs, but simply could not respond adequately" because of shortcomings in the County's policies and procedures for identifying detainee medical needs – shortcomings the jury was entitled to find reflected deliberate indifference by the County itself. *Id.* So the issue of whether the CCSO can be liable absent individual liability must be assessed in light of three factors from *Thomas*: (1) "the nature of the constitutional violation;" (2) "the theory of municipal liability;" and (3) "the defenses set forth." *Id.* These factors call for bifurcation.

Here, Plaintiffs' *Monell* claim is entirely derivative of the alleged constitutional violations committed by the individual defendants: Plaintiffs have pled that Sheriff Dart caused their injury when he "passed and enforced SEAM, Article S," which provided the mechanism for laying them off. (TAC ¶¶70, 73, 119.) Plaintiffs also allege Sheriff Dart caused their injury while acting pursuant to his policymaking authority when he selected them for termination and approved their dismissals. (*Id.* at 68, 74.) These allegations mean nothing without establishing the individual defendants retaliated against Plaintiffs for engaging in speech and association protected by the First Amendment. Put another way, none of these *Monell* claims are viable unless the jury first finds the individual Defendants violated Plaintiffs' constitutional rights. As for defenses, the individual defendants will argue their actions did not violate the First Amendment, and, if they did, they have qualified immunity—neither is inconsistent.

Because no jury could consistently find the Cook County Sheriff's Office liable without first finding the individual defendants liable, this factor weighs in favor of bifurcation.

### B. Bifurcation Minimizes The Complexity And Burden Of Litigation.

Bifurcation will obviate the need to conduct extensive and expensive discovery and litigation. The extreme burden *Monell* discovery places on the Sheriff's Office, and the Court

for that matter, supports bifurcation and a corresponding stay of discovery and trial on the *Monell* claim. *See Veal v. Kachiroubas*, 2014 WL 3217088, at *5 (N.D. Ill. 2014); *Taylor v. Kachiroubas*, 2013 WL 6050492, at *3 (N.D. Ill. 2013). Establishing municipal liability claims are "extensive and expensive," *Taylor*, 2013 WL 6050492, at *3, which has led to the "willingness of many judges to [bifurcate *Monell* claims]." *Veal*, 2014 WL 321708, at *5. Moreover, the Seventh Circuit has encouraged bifurcation as a means of avoiding "the waste of the valuable time and resources of the court," and to serve the interests furthered by Rule 42(b). *See Treece v. Hochstetler*, 213 F.3d 360, 365 (7th Cir. 2000). This is particularly true where, as here, Plaintiffs cannot recover additional damages by succeeding on their *Monell* claim. *See Swanigan v. City of Chicago*, 881 F.3d 577, 582 (7th Cir. 2018) (holding that §1983 plaintiff cannot recover from the County after being compensated for that constitutional violation against the individual defendants because federal common law prevents §1983 plaintiffs from recovering twice for the same injury).

At present, Plaintiffs have not issued any discovery requests concerning their *Monell* claim and no discovery has taken place concerning the issue. The Sheriff's Office anticipates that Plaintiffs will, however, issue extensive discovery related to policies, procedures, general orders, training, discipline, employee manuals, and more concerning a host of topics related to CCSO's adoption and implementation of the SEAM and other policies. Further, the Sheriff's Office anticipates that responding to those discovery requests will be extremely costly in terms of time, manpower, and litigation expense. Finally, the CCSO anticipates that *Monell* discovery will add considerable time (from many months to several years) to this litigation as has happened in other cases. *See e.g. Rivera v. City of Chicago*, No. 12 C 4428 (parties spent years pursuing *Monell* discovery).

What is more, the length of any trial is likely to be significantly increased if the claims are not bifurcated. Granting the Sheriff's Office's motion would promote judicial economy and protect the Court's interests in several ways. First, determining the individual claims first may obviate the need to have any discovery or trail concerning Plaintiffs' *Monell* claim at all. Thus, the length of any trial is likely to be considerably shorter. Second, discovery is likely to be much shorter and less contentions if the issues are bifurcated – the individual liability case is most similar to a simple single issue employment matter, far from vehicle for extensive discovery. As a result, the parties are less likely to need the Court's assistance in resolving or determining any discovery disputes. Finally, bifurcation may also eliminate the need for the CCSO to file a summary judgment brief, which would result in considerable savings to the County, Plaintiffs, and the Court.

## II.    Bifurcation Will Not Prejudice Plaintiffs.

Bifurcation of this litigation will not prejudice Plaintiffs. First, staying discovery and trial will not affect Plaintiffs' ability to recover any compensatory damages a jury may award them. To the extent the individual defendants were acting within the scope of their employment, the County will have a statutory obligation to indemnify them for any judgment for compensatory damages (see e.g., 745 ILCS 10/9-102), and as a matter of law, Plaintiffs are not entitled to recover any additional compensatory damages if they prevail against the Sheriff's Office on their *Monell* claims after a finding of liability against the individual defendants. *See Swanigan*, 881 F.3d at 582; *Spanish Action Comm. Of Chicago v. City of Chicago*, 766 F.2d 315, 321 (7th Cir. 1985). As the Court recently noted, although litigation of the *Monell* claim provides no monetary gain to a plaintiff, such litigation does often generate substantial attorney's fees under §1983 that accrue solely to plaintiff's counsel. Notably, these *Monell* fees, and the

7

inverse litigation motivations they create, can also create an impediment to settlement of a plaintiff's claims.  By focusing this case on those claims that may afford Plaintiffs compensation they may be entitled to weighs in favor of granting the CCSO's motion.  Thus, bifurcation will not prejudice Plaintiffs.

### III.    Bifurcation Will Protect Defendants From Being Prejudiced.

While bifurcation will not prejudice Plaintiffs, it is likely to prevent undue prejudice against Defendants.  For example, bifurcation will avoid the introduction of *Monell* evidence concerning other CCSO employees that the jury could confuse and impute to these individual defendants.  *See Veal*, 2014 WL 321708, at *6 ("Presenting evidence to the jury regarding a village-wide policy, practice or custom involving multiple improper police actions poses a danger of undue prejudice to the defendant officers by creating the perception that the police department routinely acts improperly, even if the officers acted properly . . . .").  Protecting Defendants from this prejudice and creating a simple question for the jury weighs in favor of the Court granting the CCSO's bifurcation motion.

### IV.    Defendants Request *Monell* Discovery Be Stayed Pending Ruling On This Motion.

The Cook County Sheriff's office requests that the Court stay *Monell* discovery pending resolution of this Motion.  As described above, Plaintiff will likely seek substantial *Monell* discovery and staying *Monell* discovery during the pendency of this Motion would prevent unnecessary burden without prejudicing any party.

WHEREFORE, the Sheriff's Office Defendants respectfully request this Honorable Court grant this Motion to Bifurcate Plaintiffs' *Monell* Claim against the Cook County Sheriff and stay both discovery and trial on the *Monell* claim; and any other relief this court deems just and proper

Respectfully Submitted, COOK COUNTY
SHERIFF THOMAS J. DART

Dated: December 9, 2019 By: /s/ Justin L. Leinenweber

**Leinenweber Baroni & Daffada, LLC**          **Emery Law, Ltd.**
Justin L. Leinenweber                          Ethan E. White
120 N LaSalle St, Ste 2000                     2021 Midwest Road, Ste 200
Chicago, Illinois 60602                        Oak Brook, IL 60523
(312) 380-6635                                 (630) 984-0339 (direct)
justin@ilesq.com                               ewhite@emerylawltd.com
Law Firm I.D. No. 39795                        Law Firm I.D. No. 62515